**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------X
                                                        :   96 Civ. 3610 (JFK)
In re                                   :   96 Civ. 3611 (JFK)
WRT ENERGY SECURITIES LITIGATION     :
                                                        :   **OPINION AND ORDER**
----------------------------------------X

**APPEARANCES:**

    For Plaintiffs:

        MILBERG WEISS BERSHAD & SCHULMAN LLP
        One Pennsylvania Plaza, 49th Floor
        New York, New York  10119
        Of Counsel:  Richard H. Weiss, Esq.
                       January L. Kerr, Esq.

        DAVID B. KAHN & ASSOCIATES, LTD.
        One Northfield Plaza, Suite 100
        Northfield, Illinois  60093
        Of Counsel:  David B. Kahn, Esq.
                       Mark E. King, Esq.


    For Defendant CIBC Oppenheimer Corp.:

        KAYE SCHOLER LLP
        425 Park Avenue
        New York, New York  10022
        Of Counsel:  James Herschlein, Esq.
                       Elisabeth Kann, Esq.


    For Defendant Schroder & Co., Inc.:

        CADWALADER, WICKERSHAM & TAFT LLP
        One World Financial Center
        New York, New York 10281
        Of Counsel:  Debra Brown Steinberg, Esq.
                       Kevin McNamee, Esq.



**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN**, United States District Judge:

Plaintiffs move pursuant to Fed. R. Civ. P. 23(a) and (b)(3) for an order (i) certifying this case as a class action, (ii) appointing Michael R. Nadler ("Nadler") and Frank Amato, Trustee, ("Amato") as class representatives and (iii) appointing Milberg Weiss Bershad & Schulman LLP as Lead Counsel and David B. Kahn & Associates, Ltd. as Associate Lead Counsel for the Class. Defendants CIBC Oppenheimer Corp. and Schroder & Co., Inc. (collectively, the "Underwriter Defendants") jointly oppose Plaintiffs' motion. Defendants Steven McGuire, Samuel Guy, Ronald Hale and Dominic Man-Kit Lam (collectively, the "Individual Defendants") have not opposed the motion.

## BACKGROUND

The Court presumes the reader's familiarity with factual background, which is set out in previous opinions. See In re WRT Energy Secs. Litig., No. 96 Civ. 3610, 3611(JFK), 2005 WL 323729, at *1-4 (S.D.N.Y. Feb. 9, 2005); In re WRT Energy Secs. Litig., No 96 Civ. 3610, 3611(JFK), 1997 WL 576023, at *1-5 (S.D.N.Y. Sept. 15, 1997).

## DISCUSSION

In order to obtain class certification, Plaintiffs first must meet the four requirements in Rule 23(a): numerosity, commonality, typicality and adequacy of representation. Next, Plaintiffs must demonstrate that this action falls within one of

2

the three categories of Rule 23(b). In the instant matter, Plaintiffs seek certification under Rule 23(b)(3), which pertains to common questions of law and fact and the superiority of the class action to other methods of adjudication.

**A.   Rule 23(a)**

  **1.   Numerosity**

The first question is whether "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Underwriter Defendants have submitted a three-page affidavit from Dennis D. Arnie, a Houston certified public accountant. Mr. Arnie concludes that only 48 potential class members exist. In response, Plaintiffs have submitted a 21-page affidavit from Candace L. Preston, a chartered financial analyst and founder of a securities analysis firm. Ms. Preston concludes that there are more than 350 geographically dispersed class members. Plaintiffs criticize Mr. Arnie, inter alia, relying solely on a "small sample of records Defendants spoon-fed him." (Pl. Reply Br. at 7.) The Underwriter Defendants attack Ms. Preston's methodology and her credibility on a variety of grounds bordering on the ad feminem.[1]

---

[1] The Underwriter Defendants move to strike Ms. Preston's affidavit, or at least portions of it, on the ground that Ms. Preston relied on subpoenaed data that Plaintiffs allegedly withheld until after the Underwriters filed opposition to class certification, a possible violation of Rule 45(b)(1). (Und. Surreply Br. at 8-10.) The assertions in the Preston Affidavit are not critical to the outcome of this motion.

3

The Court need not delve deeply into the two analysts' counting methodologies. Mr. Arnie concedes the existence of forty-eight potential class members. This figure satisfies the purely quantitative element of the numerosity factor. See Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members ...."); 1 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 3:5 (4th ed 2006) ("In light of prevailing precedent, the difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impracticable, and that plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone."). There is evidence that the potential class members are located throughout the United States and the world. (Preston Aff. ¶¶ 37-39.). Accordingly, the Court finds the numerosity element satisfied.

**2. Commonality**

Plaintiffs next must demonstrate "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Plaintiffs contend that their claims and the claims of all other proposed class members arise out of the materially incorrect statements in the Senior Notes Registration Statement. (Pl. Br. at 11.) The Underwriter Defendants direct the Court's attention to their defenses, including "purchaser knowledge," release, offset, and collateral estoppel. The Underwriters contend these defenses

require individualized proof, and they imply that class certification is appropriate only if they are estopped from raising their defenses. (Und. Br. at 14-16.)

There is no requirement in Rule 23(a)(2) that all questions of fact or law be common to all class members. In fact, only a single issue is required. See Marisol A. v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997) ("The commonality requirement is met if plaintiffs' grievances share a common question of law or of fact."). The existence of some individualized defenses against some plaintiffs is not, in and of itself, sufficient to defeat Plaintiffs' showing of commonality. Nor is the Court convinced that the Underwriters' defenses will result in mini-trials on each issue. See Dunnigan v. Metropolitan Life Ins. Co., 214 F.R.D. 125, 140 (S.D.N.Y. 2003). The commonality element is satisfied.

### 3. Typicality

Next, Plaintiffs must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiffs contend that their claims and the class members' claims all arise under Section 11 of the Securities Act of 1933 and all focus on the same misstatements in the registration statement. They argue that the proposed lead plaintiffs Nadler and Amato stand in the

same position as other purchasers of WRT Senior Notes during the Class Period. (Pl. Br. 12-13.)

The Underwriter Defendants make three arguments against typicality. First, they claim that Nadler and Amato disagree with a WRT interrogatory response defining the "success rate" of the WRT's wells. At depositions, Nadler and Amato apparently defined "success rate" as "payout" and "expected future performance"; the interrogatory defines "success rate" in terms of "payout" only. (Und. Br. at 17-18). Second, the Underwriters claim that Nadler and Amato purchased their notes in August 1995, three months after WRT announced first quarter losses. Thus, the Underwriters argue, Nadler and Amato purchased with knowledge and are subject to defenses atypical of those class members who purchased notes before May 1995. (Und. Br. at 18-19). Third, Defendants claim that there are unique defenses of release, offset and collateral estoppel asserted against note holders owning interests in the "Creditors Trust." (Und. Br. at 19). In brief, the Creditors Trust was created by the Bankruptcy Court for the Western District of Louisiana to bring suit for the benefit of WRT's note holders and other unsecured creditors. (Und. Br. at 6.)

The line separating commonality and typicality is often blurry. See Gen. Telephone Co. of S.W. v. Falcon, 457 U.S. 147,

6

158 n.13, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982). As the late Judge Edelstein of this Court explained:

> Typicality refers to the nature of the claim of the class representatives, and not to the specific facts from which the claim arose or relief is sought. The proper inquiry is whether other members of the class have the same or similar injury, whether the action is based on conduct not special or unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.

Dura-Bilt Corp. v. Chase Manhattan Corp., 89 F.R.D. 87, 99 (S.D.N.Y. 1981). Even if, as the Underwriters contend, there may be a conflict over the "success rate" issue, and the possibility of a "purchaser knowledge" defense against Nadler and Amato, for the purposes of this motion, Plaintiffs have shown that Nadler, Amato and the rest of the class were affected by the same alleged conduct (misstatements in the WRT registration statement). The Underwriters have not satisfied the Court that the possible defenses against Nadler and Amato will become "the focus of the litigation." See Noble v. 93 University Place Corp., 224 F.R.D. 330, 343 (S.D.N.Y. 2004). Plaintiffs have established typicality.

### 4. Adequacy of Representation

Finally, Plaintiffs must show that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Generally, adequacy of representation entails inquiry as to whether: 1) plaintiff's

7

interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 60 (2d Cir. 2000). Most of the arguments on this element mirror those for commonality and typicality. In addition, the Underwriter Defendants accuse Nadler and Amato of "blind reliance" on their counsel (Und. Br. at 21.) Plaintiffs respond with citations to deposition testimony supporting their claim that both Nadler and Amato maintain contact with their attorneys. (Pl. Reply Br. at 14.)

At this point, there is scant support for the claim that Nadler and Amato are figureheads with no involvement in the litigation. Moreover, as discussed above, there is an absence of significant conflict between the named plaintiffs and the class. The Court has considered the factors set out in Rule 23(g)(1)(C) and concludes that Plaintiffs' proposed counsel will vigorously prosecute this matter on behalf of the class.[2]

---

[2] Anyone who reads a newspaper cannot be unaware of the recent troubles encountered by Plaintiffs' lead counsel. See, e.g., Julie Creswell, U.S. Indictment for Big Law Firm in Class Actions, N.Y. Times, May 31, 2006, at A1. In a letter dated May, 31, 2006, Plaintiffs' counsel assures the Court that it remains ready and able to vigorously prosecute the WRT matter. The letter also points out that the indictment does not bear on the "pending" litigation in this case.

8

## B. Rule 23(b)(3)

Rule 23(b)(3) provides that an action may be maintained as a class action if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The following considerations are "pertinent" to the determination: the interest of the class members in maintaining individual control of their actions, the nature of any pre-existing litigation involving the class, the desirability of concentrating the litigation in one forum, and the difficulties, if any, to be encountered in managing the class action. <u>See</u> Fed. R. Civ. P. 23(b)(3).

Plaintiffs contend that the individual investors are unlikely to take on the burden and cost of litigating their cases individually. There are no ongoing parallel litigations, and Plaintiffs find no difficulties in maintaining a class action in this forum. (Pl. Br. at 18-21.) The Underwriter Defendants contend that efficient management is impossible because of the large discovery and trial record in a related action involving the Creditors Trust. The Underwriters note that this related-case testimony may be used against putative class members in privity with the Trust, but not against others. (Und. Br. at 22.)

Common questions and fact and law predominate in this matter, so it is not surprising that the parties focus on the superiority facet of Rule 23(b)(3). It also is not surprising that the Underwriters hone in on manageability, often "the most hotly contested and the most frequent ground for holding that a class action is not superior." 2 Conte & Newberg, supra, § 4:32. Even if the Underwriters are correct about the potential discovery problems, the Court is not persuaded that these hurdles render a class action inferior to the alternatives (scattered suits or no suits at all).

## CONCLUSION

Plaintiffs' motion for certification of the proposed Class is granted. Michael R. Nadler and Frank Amato, Trustee, are appointed as class representatives. Milberg Weiss Bershad & Schulman LLP is appointed as Lead Counsel, and David B. Kahn & Associates, Ltd as Associate Lead Counsel, for the Class. The parties are referred to Magistrate Judge Francis, who will supervise discovery. A status conference is scheduled before the undersigned on November 14, 2006 at 9:30 A.M.

**SO ORDERED.**

Dated: New York, New York
July *13*, 2006

*/s/ John F. Keenan*
JOHN F. KEENAN
United States District Judge